Good morning. Good morning, Your Honor. Is there a case for me this morning? Please proceed. Thank you, Your Honor. Your Honor, I think I have reserved a few minutes for rebuttal in this case. This case comes before the Court on an appeal of the Merit Assistance Protection for a decision which dismissed Mr. Collins' appeal for his failure to timely re-document the appeal. Basically, the issue is that we feel that the Merit Assistance Protection Board's decision to not re-document his appeal was an abuse of discretion. Well, the problem was it was four months late as against the date notified to you and your client in writing. Yes, sir. So then the question becomes, well, was there some reason why you couldn't file by March and instead filed in July? And on that, the Administrative Judge, the second one, Cooper, found that it would have only taken you a few minutes to re-file and, therefore, it was implausible to say that the few minutes couldn't be found in the four-month period between late March and late July. What's your response to that? Your Honor, I think our response to that is the intervening circumstances that were affecting Mr. Collins. Well, regardless, suppose Mr. Collins had been hijacked by al-Qaeda in Pakistan or somewhere for the whole four months. What would have prevented you from simply xeroxing the original appeal paper and send it back in? Well, I guess it would have been that it had to be in direction from the client. If the client's not contacting the attorney to prosecute the appeal, the attorney could not… Well, you and the client apparently reached the conclusion that the settlement negotiations had come to a point of breakdown. Now, once you reach that conclusion, your only alternative is to re-file the appeal, and you're unnoticed in writing that the re-filing can't be later than March 16th, I guess it was. Yes, sir. The only thing I would disagree with that is that there was no discussion about settlement negotiations. The settlement negotiations, you're right, there were no possible settlement negotiations the attorney for. Well, wait a minute. Did settlement negotiations start after the initial dismissal without prejudice requested by both sides? They were very brief before Mr. Collins went into his period of incarceration. After that, there were no settlement negotiations. Well, what was the result of such settlement negotiations as occurred? Prior to the incarceration? Yes. The settlement negotiations was to Mr. Collins to voluntarily resign, and they would pay him some severance. So at that point, that was rejected by Mr. Collins. Okay, so at that point, the negotiations seemed to have broken down. Well, I would say that… You mean an offer was rejected, but I mean many times settlement negotiations, once it's rejected, there are better offers coming down the road. I would say that. I'd say at that point when he rejected, that settlement offer was gone, but there was no… When did that occur? Rejection of the government offer. I believe it was in January, prior to his incarceration. Now, you earlier said that you couldn't Xerox the original paper and finally that you didn't need permission or authorization from your client. Are you suggesting that in the 60-day incarceration, it was impossible to communicate with your client? No, I'm not suggesting that at all. I think Mr. Collins was more concerned about getting his issues resolved with the way he was than he was about getting… Well, that may be, but if you were able to communicate with him, why couldn't you have said to him during his 60 days away, look, we have a deadline here and there are no negotiations going on, you rejected our prior offer, you better give me permission to file the appeal because otherwise we're going to be out of court. That could have been done. Did you represent him in conjunction with his incarceration? I tried to get him, yes. You helped him. Yes, I helped him. So you were in contact with him. I was, yes, I was. So, I mean, basically I think that's the argument. I mean, if that's not good cause to sit aside, I think regulations clearly allow the marriage system board to allow imposition of a less severe sanction than the dismissal of his appeal. There's no question that they have broad discretion to excuse late filings where they find what the case law terms good cause. Here the administrative judge found lack of good cause, so we have to decide whether that finding of no good cause established was an abuse of discretion, which is a deferential standard of review, difficult to overturn. You're quite right that they could have come out in your favor, and if they had, that probably would have been affirmable too. But they exercise the discretion at the board level adverse to you by rejecting the proper excuses or explanations. It's pretty hard to find that that's an abuse of discretion. I'm not disagreeing with the court. But if you look at the decisions that the marriage board has presented and that we cite in our brief, once again, they have discussed the most severe sanction. There are circumstances where they're very similar to Mr. Collins, where the appeal has been refiled. The fact is that if you look at the Slower case, if you look at the one – I'm sorry, I can't remember the site. The question is whether these are factually analogous or factually very different, and both sides have argued about that in the briefs, and we have that. We have to decide whether we think the analogies are close or not close or somewhere in between. Tell me a bit about the chronology. What were the 60 days that he was in jail? What months did that cover? February through March, early April. And the last communication between you and your client on the one hand and the government on the other hand was back in the fall? Yes, well, that was back in January. January? January. Just before he went to jail? Well, he was arrested on contempt charges for failure to pay his child support. So he was in jail for that period of time on contempt charges for failure to pay. Then when he was released, he was on an ankle bracelet, ordered to find work, and then he was on an ankle bracelet. I'm just trying to figure out what the gap was between the end of the discussions with the government and the beginning of the incarceration. It sounds like it was days to weeks. Yes, sir. It was a period of time. Now, did you draft the initial appeal paper, the one that started the proceeding that was then discontinued? No, he had done that. He filed his own appeal papers and then obtained me to assist him prior to that, sometime prior to that. So he was satisfied with that as the articulation of his dissatisfaction with the agency decision removing him. Yes, sir. So why couldn't that very piece of paper have simply been sent back to the MSPB by the date stated of mid-March? It couldn't. He said he couldn't complain. That wasn't what he wanted to say. He himself had chosen those words. He said that. Anything further? No, sir. All right. Thank you, Mr. Dunn. We'll see you tomorrow. Tomorrow? May it please the Court. The Board's decision finding that Petitioner failed to show good cause to excuse the untimeliness of his appeal was a reasonable exercise of the Board's discretion and should be affirmed. Is there any hint here that the government would have been prejudiced by the loss of documents or a fading memory of witnesses or something else of that sort if the appeal had been allowed to go forward even though it was filed four months later than the date set by the first administrative judge? No, there's no suggestion of that. But under the case law, the good cause standard applied by the Board, the issue of harm to the government is not reached unless the Petitioner shows a basis for a good cause – shows an excuse for the untimely filing. I guess I would like to address the Petitioner's reliance on the cases having to do with dismissals for failure to prosecute. And the Board's case law limiting those dismissals to neoclassic circumstances where there's a complete failure to show due diligence and complying and where good faith efforts to comply are considered. Those cases apply only to ongoing appeals and not to the initial filing of an appeal, which is treated differently in the Board's case law and, indeed, in the regulation governing sanctions, which provides for lesser sanctions in certain cases, but the sanction provider for failure to file is dismissal. What if he had filed in May instead of July? I don't think it would have mattered because that's already a delay of two months. Or May? Well, I'm not sure exactly where the Board would have drawn the line. The Board often, in the absence of any showing cause, will dismiss, as the case decided by the judge showed, when it's only a few days late. It seems here, there, really, as you pointed out, the effort, as the judge pointed out, it would have been very easy to refile his appeal. It wouldn't have taken much time. The order of dismissal actually notified him that it was unnecessary to refile had it already been filed. So certainly, it's just been one sentence could have done it. And he could have requested an extension of time if he had difficulty then meeting the proceeding's requirements at that point, although he was already released from his incarceration at the time. According to his affidavit, it was ended in March, or according to counsel's affidavit. Why is it so important to the Board how many days or weeks or months have passed? The underlying basis for all this is that the Board has a statutory obligation under Section 7701 to decide its cases expeditiously. The most important, the initial filing is the most important part of this because it ensures that the Board's review begins shortly after the action under appeal. Well, here, that occurred. He filed the initial appeal paper within 30 days of the removal decision. But also, in the case of a refiling of a case that's been dismissed and is no longer before the Board, the rationale for setting a time limit is similarly. It has the same purpose of satisfying the statutory requirement that there be no delay in deciding his cases because the delays are, of course, harmful both to the agency. Could it have been stayed instead of dismissed pending settlement negotiations? I mean, a good deal of weight, obviously, is placed on the fact that both sides agreed to a dismissal, which I suppose takes it off the Board's docket and has certain advantages to the Board. It's hard to see the advantage to the parties or to the petitioner to agree to a dismissal while settlement negotiations are ongoing. My general observation is that that's not the usual way things are stayed or set aside if settlement is being discussed. Well, again, I think the rationale for the Board's dismissing without breaches for refiling is to avoid the presence on its, it relates to the underlying duty to decide cases expeditionally. Well, it cleans up their docket. Yes. It cleans up their docket. It avoids the presence on their docket. It's solely the convenience of the Board. It has nothing to do with the petitioner. Well, it, the absence of inactive cases on the Board's docket, it facilitates the Board's ability to monitor how much time it's actually spending on cases that it's, because then it relates, the cases are, if only active cases are on the docket, the Board is actively adjudicating those cases. And when it reports to Congress on how well it's carrying out its mandate. How they're actively adjudicating it if on the record it says this is stayed pending settlement negotiations. You know what, I'm saying it wouldn't be active if it were stayed. That's my question. I'm trying, understanding that this procedure of a dismissal and refiling adds a burden to the petitioner. It adds to the attorney fees as well because something else has to be done by the lawyer which might not be done otherwise. I'm not guessing how large those fees might be. I'm trying to understand here is a procedure that's entirely for the convenience of the Board to keep its record a little bit cleaner and to understand the other side of it is of course the four month delay which is very hard in my mind to find an adequate excuse for. But if in fact there is an additional prejudice because a step that didn't have to be taken was taken for the convenience and appearance of the Board's records and whoever oversees their records. Then that should not disadvantage this petition. Well I would suggest it's a part of carrying out the Board's mandate for the Board to know how much time it takes to decide cases. And if it has to distinguish in each case how much time it was on suspense that would make the process more difficult. And in connection with that I would also suggest that the burden of refiling is not a very great one. It's a very simple one in fact. If you look around the system it's very simple. If you're not in this practice or if you're operating per se or if you don't have enough money to pay your counsel maybe it's not so simple. A simple one page letter saying we would like to refile the appeal. How does he know that? Because the order issued dismissing the appeal informed him that it was unnecessary and indeed it would not be allowed to refile all the materials that had already been filed. So I think that makes it fairly clear that it's not an onerous burden to refile. It was in the order of dismissal that all you have to do is write us a letter and say that we want it back on the docket. I don't recall that. It said that it was unnecessary to refile the materials that have already been filed. So it's clear inference from that that all you need to do is say we want to reactivate the appeals and then it would receive orders from the Board as to what comes next. I don't think that you can say that it would be an onerous burden. Isn't your strongest argument the lack of diligence by Mr. Collins? Excuse me, I'm sorry Your Honor. Isn't your strongest argument that there was an utter lack of any evidence of diligence for four months? That's the basis of the Board's decision, yes. That he failed to show good cause because he took no steps. And nothing prevented him. Nothing prevented him. He was out of jail as of March, as I understand the chronology. He could have filed the one-sentence letter on day one of freedom without much difficulty. And instead, four months went by. Right. It's pretty clear that he failed to show circumstances that impeded his ability to file. He says that he was ordered to find a job. He was ordered to pay child support. He was ordered to support his family. He was concerned about what he called the necessities of life. It isn't as if this was someone off skiing in Aspen. Well, of course, Your Honor, but I don't believe that despite these hardships that he was experiencing, that the brief time it would take to refile the appeal, and it should be remembered that he was represented by counsel, is not a pro se. In pro se cases, the Board does tend to weigh that in good cause calculations. But here he was represented by counsel. I see little basis for saying that this was a heavy burden that his counsel could not meet. The affidavits that are in the record are awfully sparse. It's a little bit difficult to understand what Mr. Collins is really trying to say in the brief one-liners, number six through ten. It just seems to be that he was totally distracted by other matters. Yes, that seems to be the best thing. But it's very hard to evaluate how distracted or why. So how can you decide that somebody wasn't diligent if you really don't have any feel for what was going on day-to-day for the period of delay involved? Well, essentially, the burden is on the appellant to show good cause, and if he fails to do so, he loses. Well, I understand that. But in this case, the decision is made based on two very, very sparse affidavits, about a page each consisting of a dozen or two one-line, very short declarative sentences. No, I don't see how it would be easy for Administrative Judge Cooper to make any assessment of diligence just based on this affidavit. It seemed to me like maybe he wanted to hear testimony so he could really understand whether there was diligence or no diligence or a little bit of diligence or diligence for one period but not another. In fact, Your Honor, these affidavits were not even before the judge. They were only submitted with the appellant's petition for review. What was before the judge was the two pages on pages 21 and 22 of the government's brief, the supplement to the appendix to the government's brief. And so it's even, perhaps, more sketchy than— Well, what I'm trying to get at is why isn't the best practice here to have a brief evidentiary hearing and let the administrative judge, to the extent necessary, herself or himself question Mr. Collins in this case in order to develop a real understanding of whether there was any diligence or not? Well, ordinarily the board does not hold a hearing on the good cause determination unless there are sufficient allegations to raise a non-frivolous allegation or some dispute that could possibly— some possibility of showing an excuse that this is simply so skeletal that I don't think that a hearing was necessary. Obviously, the post before the administrative judge was even less. That's why no hearing was held. It was not necessary. There was no affidavit before the administrative judge. And, of course, this affidavit could have been submitted at the initial level. There's no showing of a reason why it could not be submitted. Looking at the two affidavits later submitted or the four-paragraph filing by Mr. Dove, reading either set of materials looks to me like it's very difficult to get a handle on what are the realities here. And I just don't quite understand why you resist the idea that when in doubt have a hearing. Find out what the facts are. Find out what the truth is. Flesh out the details and then make a judgment. And if there's no diligence, kick them out. If there's diligence, get to the merits. Well, essentially, the board's view was this did not even raise a doubt as to whether or not there was good cause. It was clear this would not be submitted, whatever the surrounding facts might be. All right. Thank you, sir. Mr. Dove, do I have any rebuttal here? Just a few minutes, John. Sir, my question is to no reply to you. No raising. No. You want to make sure I'm not missing something. Yeah, I guess where I would just briefly reply is when you look at the balance of the equities versus Mr. Collins, who was a 14-year employee without any kind of reprimand, without any kind of disciplinary issues at all during his 14-year career, that when, as the mayor has just stated, it's a procedural requirement that they present the redocting. The redocting, which was just to redoct his appeal. Not that his appeal was not already timely filed. This was just to redoct it. It was already in the system. And as Mr. Morrow said, this is just a procedural mechanism where they keep cases going or they can make reporting requirements. We feel that during the fact that the requirements of a hearing before the termination of Mr. Collins is warranted by the regulations and by the law, he's got a protected interest in his continued employment, which cannot be taken. The fact that whether the appeal was due to balance the equities, his right to be heard is much more sufficient than just to have a procedural paper trail of a certain case. And certainly, if you look at the cases that we both cited, the board and Mr. Collins, the inconsistency in the cases to determine what they're going to reinstate or what they're going to say was timely makes the decision arbitrary. Depending on what judge, Mr. Collins could have got another administrative law judge, which would have followed slaughter. And in following slaughter, he would have reinstated the appeal. So having no consistent standards within their own agency to determine when the appeal, as the judge has stated, no hearing, to determine when the appeal has a redocting, has merit or no merit, and just on the whim of the judge, when they have a body of law going either way, is arbitrary. So then you have to go and look and see who has the balance of equity here, and it's the 14-year employee at least has his right to have an impartial due process hearing under the regulations. And a one-time error, which is to read the case, whether it's procedurally filed late or whether the redocting wasn't to be noticed, a one-time flaw in filing an appeal late has been found to be good cause to reinstate it. So when you look at Jerry Collins, he has a right to have a hearing before the board on the merits of the allegations. And it shouldn't be the mere fact of a procedural, internal mechanism to deny him his constitutional right to have that hearing. Thank you. All right, we'll take the appeal under reversal and thank both counsel.